May it please the court, Anne Hester, representing Terrell Houston. Two facts remove this case from the reach of United States v. Wellins. First, Houston was not stopped while driving a rental car. When officers found the keys to the rental car in his pocket, the car was parked and he was inside a nearby building. But second, and more importantly, Houston had locked his backpack in the parked car for safekeeping. In effect, using the car like a lockbox to which he held the key. This fact makes this case more like United States v. Block and Bond v. United States than like Wellins. And it makes it almost exactly like United States v. Edwards where the Tenth Circuit held that a defendant had a privacy interest in his bag locked in the trunk of a parked rental car even though he wasn't an authorized driver of the car. Because Wellins is distinguishable, this court is required to apply Bond and Sampson to consider the totality I'm sorry to interrupt you, Ms. Hester. Tell me again how you distinguish Wellins. Wellins is distinguishable because in this case, Houston wasn't driving the car. It was parked. He had the keys in his pocket. He was inside a nearby building meeting with his probation officer. But also, the bag was locked in the car for safekeeping. He was using it in effect like a locker or a lockbox. Okay. So that argument is going to the point that it's not the car but the bag that you're challenging as being searched? Right. We're also challenging the search. We are also challenging the search of the car. There's really two separate inquiries. That's my question. Then we can understand each other. Because I understand your response to Justice Tracker's question. You say you distinguish Wellins. You said it's because the bag was in the car. Is there any other distinction in Wellins that you offer? Well, the other distinction is that the car is parked. In Wellins, it was a traffic stop. He was driving the car at the time. Tell me how that matters if he is an unauthorized driver because of his expectation of privacy. I think a person who has driven a car, a rental car, not on the contract, parks the car in a safe place and then leaves with the key in his pocket. At that point, I think that person reasonably could assume that the rental car company is never going to know that he drove that car. Any case that agrees with what you believe? United States v. Edwards. Well, that's about the bag in the car. What circuit do you object? Well, the circuits are divided over I want to know about the fourth circuit. The fourth circuit, no. Because the fourth circuit has been, unpublished decisions have been just relying on Wellins without going into the facts. So I don't know that the court has had this situation in front of it. But nothing has gone in your direction on these cases. Not in the fourth circuit, no. But I'm saying I'm thinking of the insurance law. I'm thinking when you rent a car, even though you're not listed as an authorized driver, if you give permission to that driver to drive and cover it under the insurance, but the rental company has a contract. In this instance, did he say this was his car? He said he told him it was a rental car. They searched him and got the keys out of his pocket. It's clearly a rental car. It's got a rental car fob on it. And so we have this Wellins case. I mean, you rightly took the first approach by distinguishing Wellins. It looks like to me, pretty much there. I thought you were saying it was because it wasn't preceded by a traffic stop. Right. That's the first way that it's distinguishable.  The car and the bag are two separate inquiries. In the bag, I think it's even more clear that Wellins doesn't apply because the car is parked and the bag is locked inside the car. And this court hasn't had an opportunity to address that situation, but the tenth circuit has. And the tenth circuit is where Wellins came from. That Obregon case from the tenth circuit is what Wellins relied on. And in Edwards, the court said the bag is locked in the trunk of the car. In that case, it's parked. And he has a privacy interest in the bag, even though he's not an authorized driver on the rental contract. So I'm saying that also takes it. So there's two separate ways that this case is outside of the purview of Wellins. I'm looking at Wellins. I hate reading stuff, but I'll read it to you anyway. It says we have previously had one who can assert no legitimate claim to the car he was driving and not reasonably assert an expectation of privacy in a bag found in that automobile. But if you look at the case the court's relying on, that's about a stolen car. The court didn't have before it the facts in this case. That language is pretty clear. Okay. Well, let's talk about Sampson and Bond. Because even if the court... Talk about what? Sampson and Bond, the Supreme Court decisions, because even if you... You might get somewhere there. Even if you think that this case is not distinguishable from the facts in Wellins, which it is distinguishable from the facts in Wellins, because this court didn't have it in front of it. But the court should hold that Wellins' bright line rules are not good law after Bond and Sampson. Because Bond requires the court to evaluate the individual's subjective expectation of privacy first and then the reasonableness of that expectation when considering privacy, interest, and luggage that's exposed to the public view. But also, Sampson requires the totality of the circumstances inquiry to determine whether a person's expectation of privacy is reasonable. And Wellins is inconsistent with both of those cases. And I'd like to talk about the two questions in Bond in this case. Because the first one is whether Houston demonstrated an expectation of privacy in his bag by seeking to preserve it as private. And he did. He used an opaque bag. He wedged it behind the seat of the car. And he then locked the car and kept the key in his pocket. Now, the district court found that it had no evidence Houston left the bag in the car. But this is clearly erroneous. In fact, it doesn't even make sense the way that the court made this ruling. Because he said in the same breath that he said there's no evidence, he also said there's a receipt in the car with Houston's name on it. And that just doesn't make sense. His ruling appeared to be based on his mistaken idea that Houston was required to testify in order to establish that the bag was his. But there's no case holding that a person is required to testify. The testimony at the hearing shows that the bag was his. I'm sorry to interrupt. I'm with you. Okay. With all the respect and love for our dearly departed colleagues who decided Wellins, I think it's one of the worst opinions to come out of this court. I'll say that quite bluntly. I think it was wrong when it was decided. I think it's wrong today. But it's the law of the circuit. And so as I understand Wellins, it literally created a constitution-free zone labeled a rental car as to any human being whose name's not on the lease. I think you basically agree with that characterization, don't you? Well, I don't agree. You don't want to. I don't agree with it because I think the facts in Wellins are distinguishable. So, I mean, I think the court you Just because he parked the car? Yeah. I just don't find anything in Wellins that gives me a hook to say, Oh, when you park the car, lock it, and you've got an opaque Let's even assume it was a locked briefcase. Right? It's a constitution-free zone as to someone who borrows a rental car. As I read Wellins, tell me how to get around that. Well, I think This is not a locked briefcase. Right? It's not a locked briefcase. It's not a locked Okay. It is not locked. It is unlocked and unzipped in a car that he's not authorized to drive. It's not clear whether it's unzipped or not. The officer who searched the bags said he couldn't remember, and there's a picture in the record, but you can't really tell from looking at it whether it's unzipped or not. But he clearly had to pull it up, open it, remove items out of it before he found the contraband that was in the car. I don't know how to answer your question, Judge Davis. If you don't agree with me that the car being parked makes a difference, then I think we have to go to the fact that Wellins is inconsistent with subsequent Supreme Court law. It doesn't look at the totality of the circumstances. Which means you're going to have to file a petition. Oh, you mean subsequent? Oh, you're arguing that the Supreme Court authority has vitiated. Correct. Bond and Sampson are Supreme Court opinions that Wellins is completely inconsistent with, and I think that this panel can say that Wellins is inconsistent with Bond and Sampson and hold that Bond and Sampson apply in this case. We've had a lot of cases that are sort of similar to what you're talking about where the Supreme Court has not directly overruled prior precedent. Judge Davis is right. We can disagree. We've had cases where we certainly disagree with some of the old cases. We wish we could start at anew, but we're very strict in terms of following our precedents and our decisions, unless the Supreme Court is very specific. You don't infer. You may take it up there and get a different result, or you may take it to an on par hearing. We don't overrule cases because the Supreme Court sort of gives a different direction. You're going to have to be very specific and tell it how they overruled this case. The full circuit respects this precedent, and even when we vehemently disagree with it, as strong as Judge Davis is over there, we go with it. Suck it up and go with it. If you want to ask for an on par, sometimes that happens. Sometimes you take it to the Supreme Court. I should say that rarely will they do it because we're so infrequent that they'll take the case, but that's kind of where we are. You can continue this, and I want you to be persuasive in telling us how those cases require us. That's basically what it is. It requires us not to follow that case. Exactly. How do they require us to get around Wellins? Sampson applies totality of the circumstances specifically to determine whether a person's expectation of privacy is reasonable or not, and there's nowhere in Wellins that that happens. There's nothing from the Supreme Court previously applying that totality of the circumstances specifically to expectation of privacy. So that's the first time the Supreme Court says expectation of privacy is totality of circumstances. There are other cases broadly saying totality of the circumstances apply to reasonableness determinations, but Sampson is where the court specifically applies it to reasonable expectation of privacy. That's a pretty high level of generality. Okay, tell us about Bond. How does Bond compel us? And Bond is about a piece of luggage exposed to public view, and that's where the court applies that two-step analysis that originated from a concurring opinion in Katz, but the subjective expectation of privacy plus whether society would deem that to be a reasonable expectation of privacy or not. And we've already held, as a matter of law and categorically, that society does not regard a non-lessee's possession and use of a rental vehicle to carry with it any expectation of privacy. The court did not make that inquiry with respect to the luggage question. But if the vehicle, I mean, I appreciate you're trying to get us into the car, but Welland's opinion is pretty categorical. It's the car and anything in the car. It's a Constitution-free zone. Well, I do think that Bond makes a difference, that Bond was dealing with luggage specifically and luggage exposed to public view. The difference there is Bond was permitted to be on that bus. The bus in question, that's not the situation. It's not exactly, and Edwards is the only case that's exactly like this one. I'm telling you to abrogate our law, you're going to need something that's pretty specific. There's a differentiation right there. This is unauthorized travel by the contractor of the Enterprise Company for a car. He claims expectation of privacy. Bond is different. You've got a guy on a bus. He was permitted to be on that bus. He has his rights. Right. I agree that that's a distinction. I'm not going to abrogate it with a distinction like that. Well, that's what I have. The luggage exposed to public view and the totality of the circumstances. I mean, Welland's is clearly wrong under both of those opinions, and they are subsequent to Welland's. I just don't see how you can say Welland's is still right. Well, you've got Sampson. You want to talk about Sampson? It looks like the same kind of case to me. You deal with the California statute. The point is very sympathetic to the point you're advancing. There's no need to play a game going back and forth. I'm sympathetic with it. But the problem we're having is that when we have direct precedent that's on point, the tracks are just red right there. How in the world can you come back and say, well, a bag, the court said bag, well, it's not going to go because of the totality of the circumstances and abandon the per se rule, which would be nice, but I don't think a panel should do it. You want to unbind? Maybe that can happen. I don't know. Maybe it goes up. Well, if that's what we need to do, I'd appreciate it if you'd help me get there. That's not our decision alone. I understand. I understand. But the issue before us, and I know you're here to advance it. You don't quite agree, I will say, with the cases there, but I'm just giving you the limitations that we work within to deal with these cases rather than patronize you and say, oh, yes, we're looking at it. We need to be serious about this. This is a serious issue. The other circuits are going the other way. I agree with you. And everybody else seems to be going the other way, but the Fourth Circuit is stuck with its law. And when a panel writes a law on this circuit, man, it sticks. It sticks real hard until someone comes and changes it. I see my time is up. Thank you. All right, Mr. Enright. Well, it's pretty much going to be bad law advancing across the country, don't you think? Well, Your Honor, may it please the Court, Anthony Enright for the United States. I don't necessarily think that's correct. Anybody else want to add to that? Actually, the decision I would cite would be the Tenth Circuit, the same circuit that the defense referred to. The, let's see, the Third, Fifth, Tenth, the Fourth, I think are all in that same area, Your Honor. And what they've all held is that ordinarily, if you are an unauthorized driver of a rental vehicle and you're the driver of the vehicle, you are not able to assert a reasonable expectation of privacy in the vehicle. Now, the Tenth Circuit, I think, is the only one that says, you know, the same applies to a bag. But that is not exactly a great leap because what you said, the Tenth Circuit is the only one that says the same applies to a bag. The rest of them would say, do you have expectation of privacy with that bag that's in the car? I don't think they would, Your Honor. They haven't spoken to the issue as far as I can tell. There are decisions that speak to having a bag in somebody's car when you have permission to be in that car from the owner or someone authorized to provide that permission. But decisions are far fewer when you're talking about you have a bag in a car, that car belongs to a stranger, and you do not have permission to use that car the way you have from the owner. It's interesting to me that a rental car company rents a car to an individual. Essentially, that becomes their car. They can then, for purposes of insurance, they can basically give anybody permission to drive that car. They're going to be covered, at least under most state law, because the law of insurance doesn't. So they are authorized purposes of insurance. Here, you're saying they're not authorized for purposes of expressing that they have an expectation of privacy, even though it's clear he has the keys. It's clear he's in possession of the car. It's clear he has the permission of the person who used the car. A rental car company who does not get this car back until the end of the contract, then it's a dwelling violation. You shouldn't have the car back. So if that's the case, then who has the expectation of privacy in the car? The only person that might have an expectation of privacy in the rental car at the time of the search in this case would have been the enterprise company. They were the only party with any interest in the car at the time because the rental contract was a self-executing contract that says if you violate this term of allowing someone else to use it without permission, that vehicle all rights terminate. That is so absurd. I mean, come on. Come on. You actually have to agree with us, right? This is like the old hypothetical about no vehicles in the park, right? Can you imagine? Can you imagine? We can all imagine all kinds of scenarios where a friend, a cousin, a child, a spouse in some emergency situation or seemingly emergency situation or just a casual, you know, drop me off at the supermarket, you run and pick up my shoes that are getting repaired and come back and pick me up. You mean to tell me in the normal intercourse, social intercourse among people in the world, down here on the ground, enterprise automobile insurance company can respond to the police and say, okay, this lease contract is over. It's over. And here's what bothers me. Something's going to happen one day when some cars park somewhere and there's going to be very, very important evidence in that vehicle about a homicide, a series of homicides, a terrorist act or something. And rather than go get a warrant, some corporal somewhere or some sergeant trying to get a promotion is going to pick up the phone and call the rental company and ask for permission to search the car. And, you know, the whole thing is going to blow up in their face because it's going to turn out that really, you know, the guy who wasn't on the lease actually didn't drive the car there. He rode as a passenger with the person who did have the lease who gave the guy the keys. It's crazy why we encourage police to do what's done in this case. Your Honor, if I may respond to that. Sorry for the speech. I feel not sorry for the speech. I understand the court's concerns. I do think that the scenario you mentioned, if you're with a driver of a vehicle. But they don't know. In this case, they had no idea. They had inferences because he had the keys on his person and the car was parked nearby. But they had no idea how that car got to where it was parked. They had no idea. That's correct, Your Honor. And they rolled the dice. And they could have found a dead body in that car. And then the question because, whoa, you know, you're going to tell me that nobody has a reasonable expectation of privacy in the car because the cousin allowed the guy to park the car while the cousin ran in to use the restroom. I don't know if the law is going to go that far. It's just the risk that law enforcement takes. And, look, we encourage it by our rulings. That's part of the problem. You know, courts are not free of some responsibility here. Your Honor, I do think the scenario here, and I may be going a little bit beyond what's in the record, but I think the scenario here was we're arresting this person and we have to deal with the car, not so much. No, you don't. If the car is illegally parked, it will be towed away. Let me tell you why I think the simple solution here is that if you thought that the federal company would send a contract with the car, why not wait for the federal company to come and get the car? Then once they pick up the car, they've got the car back into possession. And you probably have a different case. But in an instance where they say, you are saying the contract is void, based upon what they're saying, that's a factual determination as to whether that contract is in fact void, because for one purpose it's not void is if there's an accident that occurs, they are not going to come in and say, no authorized driver, our car is not even leased to this person, your insurance company does not cover this car. That's not going to happen. They know it does. And that's where you get into this sort of wishy-washy thing. Well, yes, he's covered by the insurance company, but not purposefully. No expectation of privacy. That doesn't follow very well. But Willans is your case. You don't need to go here. You don't need to argue all this stuff here. All you need to do is focus on Willans. I'm happy to do that, Your Honor. Yeah, that might be the case. You can even answer Judge Davis's inquiries. Yeah, that could happen. But Willans is the law. Don't you think that's the way to go with this? I do think Willans is the law, Your Honor, and I do think it's definitely the simplest way to resolve this case. Do you agree with my characterization as Wellans creating a constitutional free zone for all except the lessee? As much as I appreciate your concerns, Your Honor, I do not characterize it that way. You don't? No, Your Honor, it's not a constitutional free zone. How does the Constitution cover a rental car for anybody other than persons named in the lease? Well, Your Honor, the constitutional rights of an individual. If you were a passenger, for example, in a car you bought under a Supreme Court precedent, you wouldn't have a reasonable expectation pricing the car itself. But if you have a bag with you in your own pocketbook or something like that, what Willans says is you cannot store your effects in a vehicle that you don't have permission to use from the person who owns the vehicle. And it's not necessarily any broader than that. Sorry, I didn't understand your answer. Who has a reasonable expectation of privacy under Wellans other than the lessee? Well, Your Honor, I think all that Wellans says, the burden is on the defendant, and all that Wellans says is you cannot establish a reasonable expectation of privacy by being the driver without authorization. Authorization from the lessor being on the lease. Authorization from the lessor if you're the driver. If you're the driver. If you're a passenger in a rental car, you can still – With the lessee present. Yes. In other words? Well, you would have a reasonable expectation of privacy and the effects you have with you. I think if you store your effects in a car that you have no right to have driven there, and you drove it there, and it belongs to the rental – And what if you don't drive it there? Well, if you don't drive it there – If you don't drive it there – There's nothing in the rental agreement in this case that I know of that would prevent an authorized driver from saying – Can we use the term lessee? Because you keep using the term authorized driver, but under Wellans the only authorized driver is the lessee, right? I think that's right. The person who actually signs. It doesn't matter who pays the money. It doesn't matter who's present when the lease is executed. It's the person named on the lease. That's correct, Your Honor. So that's the only authorized driver. That's correct, Your Honor. It's the lessee. That's correct, Your Honor. But I don't think there's anything in Wellans or in a contract like we have here that would prevent the authorized driver or the lessee from bringing a passenger with him and saying to the passenger, feel free to keep your stuff in the car. Just don't sit behind the wheel. Just don't sit behind the wheel. Because when you sit behind the wheel, Your Honor, when you say – Well, now we've moved even beyond actually driving. You agree with me that you can't even sit behind the wheel. Well, no, I don't agree with that, Your Honor. You don't agree with that? I don't know. I don't think there's anything in this contract that says you can't sit behind the wheel and not operate the vehicle. I think operating the vehicle is the key. Well, we're talking about Wellans, not the contract. I don't think Wellans addresses that either. That person was the driver. He had been driving and he got pulled over. If he had just been sitting behind the wheel, I think that would have been an issue. But the Supreme Court has said you can't establish a reasonable expectation of privacy in a car just by being a passenger. So that would be a barrier because the defendant has the burden of proof in that situation. I don't mean to needlessly complicate things. Well, I don't know why you complicate it. Because Wellans makes two very essential points. One is in a circumstance like this in which you have a rental contract and you do not have the authorization to drive it, you're an unauthorized driver, even if you have permission of the owner. Well, it makes that clear. The second point is dead on. That's dealing with the bags. And Wellans says no one has a legitimate claim to a car that the driver cannot reasonably expect privacy in a bag found in the car. That is correct. That's what Wellans said. Whether we like it or not, that's it. So why do you deviate from those two points? I do not, and frankly, Your Honor, I wouldn't deviate at all, but I've had a few questions up here that I think have asked me to. That's the way you want to engage with it. You cannot just say, even if I agree, but I want to come back to this. I'm happy. I'm absolutely happy to stick to that, Your Honor. I make it a habit of trying to answer any questions you guys have. And we appreciate that. I will, if I can, address the two decisions that defense counsel relies on that are subsequent Supreme Court decisions.  Certainly, Your Honor. Imagine on the facts of this case, okay, in fact, he was driven there by the lessee who had a separate appointment of her own. And they anticipated that he was going to complete his appointment before she completed hers. So she parks the car. He's a passenger. Bag's in the car. They both get out of the car, lock the car, and she gives him the keys, okay? He goes in to his appointment. She walks away. Now, Enterprise doesn't know, has no idea who drove the car there, right? And the officers don't have any idea who drove the car. That's correct. In fact, she drove the car. That's correct. They call Enterprise. Enterprise says, he's got the key. Contract over. You can search the car. What's the outcome of the motion to suppress on those facts in your view? I think the outcome would be the same, Your Honor. It would be the same. For two reasons. The defendant has the burden of proof to establish a reasonable expectation. My hypothetical assumes that the district judge credits the testimony. You know, there's one of these surveillance cameras. I understand. Outside. And, in fact, it's undisputed that the cousin drove up, parked the car, and, in fact, on the surveillance video, it can be seen she's handing him the keys to the car, and they go their separate way. He does not have a reasonable expectation of privacy in the car because being a passenger in the car does not establish that under Rakes versus Illinois. And he doesn't have any evidence that he has any interest in the bag. So the outcome is the same because he has not introduced any evidence establishing a reasonable expectation. In other words, you read Rakes. So to change my hypothetical, it's still the same hypothetical. Okay. As I promised you, the only one. Now the car is in motion, and his bag is in the car. He's a passenger. Unless he is driving, obviously he has an interest in his movements, right? So the Supreme Court has made very clear that the passenger in a vehicle has standing to challenge the stop of the vehicle with respect to the passenger, right? Yes, Your Honor. So what you're saying, although he has a reasonable expectation of continued movement, he doesn't have an expectation of privacy in the bag in the car? No, Your Honor. With respect, you added one fact in the second version of the hypothetical. You said that it was his bag. Of course, it's his bag in both hypotheticals, in both sides of the hypothetical. That's fair. And if it is his bag, then I think you'd have a much stronger – The original answer to my original last hypothetical is then the outcome in this case is different. If we've got the video of him getting out of the passenger side of the vehicle, her getting out of the driver's, and her handing him the keys, then the outcome is different. I think that's right, Your Honor. That would be certainly a much more difficult case, and he should be able to establish – If he can't consent to a search of his bag in the car on the mistaken belief generated by the police just because he has the key, that he's operating the vehicle. No, I wouldn't think so, Your Honor. So, I mean, based on those facts, I think that the outcome would be different. But go back to Judge Winters' point. So if he's a terrorist with evidence of terrorist activity in his bag in the car or my hypothetical, you lose that evidence. And perhaps he goes free. Your Honor, I do try to encourage agents if they have evidence, and they can get a warrant to get a warrant. As the Supreme Court has done, and I appreciate that. I do briefly want to mention the decisions that the defense talked about, because to go back to Judge Winters' point, I do think Wellens is dispositive. I know this Court has expressed – I wasn't making a point. I was just saying that's your point. Your point being that I should be saying that, and I am definitely saying that, and I think it is a correct statement. I do want to address the Supreme Court decisions, which if they were, undercut Wellens or overrule Wellens would matter because they're subsequent. Sampson involved the search of a person. There was no real question that that was an interest protected by the Fourth Amendment. What they said was because you are a parolee with a parole condition, saying that you agree to – Sampson is kind of an outlier. He's still in a prison-type situation. It's not these facts. It also addressed the question of whether a search, which we agree is of the person's person, is reasonable under the totality of circumstances. It did not speak to how you evaluate it. Tell me, I'm not sure, because the word per se does not come up too much in here, per se versus the totality of circumstances case. I'm not sure the Supreme Court says there never can be an instance in which you have a per se. That is correct. I think what they said was that the facts are so set in this that you could go in that direction. That's true. That's kind of where Wellens potentially could fall, not saying it would. The Supreme Court has repeatedly identified factual scenarios where you can say there is ordinarily. I mean, some extraordinary circumstance is always possible, but ordinarily you have a reasonable expectation or you don't. Ordinarily a passenger in a car does not have a reasonable expectation of privacy. I've got a point on that. And on bond, the only situation I see is the head of authorization arrives first. That's absolutely right, Your Honor. There's certainly nothing in the opinion that suggests they were stolen. What else do you need to add to those two cases? I don't need to add anything, Your Honor. I just wanted to mention them because I wanted to make clear that they don't overrule Wellens. I don't have too much time left, but if there are no further questions, I will ask the Court to affirm the decision of the District Court and yield the balance of my time back to it. Thank you, Your Honor. Ms. Hester, you have some time in reply. I do still think that the case is distinguishable on the facts and that Sampson and Bond are contrary to Wellens and particularly Sampson with the totality of the circumstances. It is clear that in Wellens, the Court, in reviewing the bag issue, did not consider totality of circumstances. When it was doing that, it didn't even mention that the bag in the case, the Hargrove case that it was relying on, was in a stolen car. I think you're absolutely correct. Yeah. I think the point, though, is that Sampson said there can be no circumstance in which you cannot apply the per se rule on a set of facts that are so prevalent. Well, Sampson clearly says that in determining whether a person has a reasonable expectation of privacy in a certain area, the courts have to look at the totality of the circumstances. Yes. Yes. But they did not specifically say there can be no other instance in which per se rule could not be employed. No, they did not specifically say that. That's correct. In fact, they said it could be under certain circumstances if the facts were so set. You can envision it could be. The court doesn't generally speak in those black line terms, which they could be. That's kind of enough of where we are. But I got your point. The point is well taken, and I think you're making a very persuasive point. And I'm continuing to grapple with this. I'm not saying the report blows on it. Okay. But there's enough time for you to think about this and to dwell on it. I think you're making a very persuasive point on it. But when we say a case has abrogated a previous case of this court, it's very helpful in how we do that. I understand that. But I just think there's no way to reconcile Wellins with Sampson. That's my point. I would like to go back when counsel was talking about the circuit split. Actually, with regard to any other court applying a per se rule like Wellins, only the Tenth Circuit applies that per se rule. The Fifth has gone on to apply totality of the circumstances, and the Third applies a rule that basically creates a presumption that an unauthorized driver does not have a legitimate expectation of privacy but allows that presumption to be overcome under the totality of the circumstances. They relied on the Sixth Circuit when they did that. So really the Tenth Circuit is the only other circuit that would agree with Wellins. And it would only agree with Wellins with respect to the car and not with respect to the bag. So if Wellins applied to the facts in this case, it really would be absolutely an outlier in the nation. If there's no further questions. Okay, thank you.
judges: William B. Traxler, Jr., James A. Wynn, Jr., Andre M. Davis